| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **Eckert Seamans Cherin & Mellott, LLC**<br>2000 Lenox Drive, Suite 203<br>Lawrenceville, New Jersey  08648<br>(609) 392-2100<br>*Attorneys for Plaintiff, The Provident Bank*<br>/s/ Nicholas M. Gaunce, Esq.<br>Nicholas M. Gaunce |
| In re:<br><br>  MARKIIAN GREK & JANE K. GREK,<br><br>        Debtors.<br>-----------------------------------------------------------<br>THE PROVIDENT BANK,<br><br>        Plaintiff,<br><br>v.<br><br>MARKIIAN GREK & JANE K. GREK,<br><br>        Defendants |

CASE NO.  19-31958-KCF

Chapter 7

Adv. Pro. No.

Judge:  Hon. Kathryn C. Ferguson, U.S.B.J.

### COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

Plaintiff, The Provident Bank ("Provident"), by and through its attorneys, hereby complains and states against the defendants, Markiian Grek and Jane K. Grek (collectively, the "Greks"), as follows:

### Factual Background

1. Provident is the holder of a January 9, 2015 judgment that was entered in the New Jersey Superior Court in the amount of $218,231.86 (the "Judgment") against the Greks. A copy of this judgment is attached as Exhibit "A."

2. The Judgment related to a marine loan that was funded by Provident's predecessor-in-interest, First Commercial Corporation of America ("First Commercial"), in the amount of $268,000.00 in order to permit Defendants to purchase a 1991 38' Luhrs Convertible Boat, Hull #LHR38040I091 (the "Vessel"). A redacted copy of the Note and Security Agreement relevant to this loan is attached as Exhibit "B."

3. To secure repayment of the credit advanced by First Commercial, the Greks granted First Commercial a security interest in the Vessel. (Exhibit B at ¶ 7).

4. Provident was assigned First Commercial's interest in the Greks' loan. A copy of the pertinent assignment is attached as Exhibit "C."

5. After the Greks defaulted on their loan, Provident successfully recovered the Vessel from Spencer's Bayside Marina ("Spencer's") located in Waretown, New Jersey. A copy of the field condition report relevant to the Vessel is attached as Exhibit "D."

6. Upon recovering the Vessel, the recovery agent noted that there were "[h]eavy stress cracks all over, boat" and that the "[r]udders were leaking badl[y]." (Exhibit E, Vessel Detailed Condition Report at p. 7).

7. Photographs showing examples of the stress cracks involved are attached as Exhibit "F."

8. Provident's recovery agent estimated that $71,660.00 worth of repairs needed to be completed to the Vessel. (Exhibit "E" at p. 8).

9. Of the $71,660.00 in repairs that were needed, it was estimated that, to fix the stress cracks appearing in the hull, deck and superstructure of the Vessel it would cost $45,000.00. (*Id.*).

10. At the time of the recovery of the Vessel, it was estimated that the repairs needed to the Vessel would exceed even the high retail value of the Vessel, which was stated as $64,100.00. A copy of the pertinent value preview is attached as Exhibit "G."

11. If the Vessel was in good condition, the suggested list price would have been $274,000.00. (Exhibit "G" at p. 1).

12. Thus, as a result of the damage done to the Vessel, the Vessel had decreased in value at least by $209,900.00 from its suggested list price.

13. Also, upon recovery of the Vessel, Provident discovered that the Vessel had not even been properly covered in its storage state. (Exhibit "E" at p. 5).

14. At the time Provident recovered the Vessel from Spencer's, Provident further realized that there was $6,327.34 in storage fees already due to Spencer's in relation to the storage of the Vessel. A copy of the Recovery Charges related to the Vessel is attached as Exhibit "H."

15. Based upon the *per diem* storage redemption rate of $38.00 charged by Spencer's, Provident was able to determine that the Greks abandoned the Vessel approximately six months before it was repossessed, or November the year before it was recovered by Provident in the following spring. (Exhibit D at p. 1)(stating "REDEMPTION STORAGE: $38 PER DAY").

16. Abandoning a vessel, such as a boat, just prior to the winter in the Northeast without properly covering it is a course of conduct that is substantially certain to cause injury.

17. Having owned the Vessel since 2007, the Greks were aware of the damage that would be caused by such a course of conduct.

18. Through today's date, Provident is still owed $65,803.37 on the Judgment (the "Remaining Debt").

## Jurisdiction and Venue

19. This Court has subject matter jurisdiction over this matter pursuant to 28 *U.S.C.* § 1334.

20. Venue for this adversary proceeding is appropriate in this Court pursuant to 28 *U.S.C.* §§ 157, 1334.

21. This adversary proceeding arises out of and is related to a Chapter 7 proceeding.

22. This matter presents a core proceeding pursuant to 28 *U.S.C.* § 157(b)(2)(I).

## COUNT ONE

### (Exception to Discharge for Willful and Malicious Injury)

23. Provident incorporates all of its allegations above, as if stated here, in full.

24. Under 11 *U.S.C.* § 523(a)(6), "[a] discharge…does not discharge an individual debtor from any debt…for willful and malicious injury by the debtor…to the property of another entity."  11 *U.S.C.* § 523(a)(6).

25. An injury is "willful and malicious" when someone acts in a manner that is substantially certain to result in injury.  *In re: Conte*, 33 *F.3d* 303, 307 (3rd Cir. 1994).

26. The Greks, by abandoning the Vessel just before the winter season without even properly covering the Vessel, were substantially certain that damage would result to the Vessel.

27. Damage did result to the Vessel because, upon recovery, Provident discovered that $71,660.00 in repairs were needed to the Vessel.

28. Also, the Greks, through their conduct, decreased the potential resale value of the Vessel by at least $209,900.00.

29. At the time of the above injury, Provident held a lien on the Vessel.

30. Provident is still owed the Remaining Debt in relation to the Greks' loan.

**WHEREFORE**, Plaintiff, The Provident Bank, respectfully requests that this Court enter a judgment, as follows:

A. Determining that the Remaining Debt is non-dischargeable pursuant to 11 *U.S.C.* § 523(a)(6);

B. For an award of reasonable counsel fees and costs; and

C. For such other relief that this Court deems fair and equitable.

                                                                  **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
*Attorneys for Plaintiff, The Provident Bank*

By: /s/ Nicholas M. Gaunce
      Nicholas M. Gaunce

Dated: February 18, 2020